IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANER WOOD,<br><br>    Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.,<br>a Texas corporation,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION FILE<br><br>NO. _____ |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 <u>et seq.</u>

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

-1-

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff DANER WOOD is a "Consumer" as that term is defined by the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(3), and is authorized by law to bring this action.

4. Defendant PROCOLLECT, INC. is a corporation organized under the laws of the State of Texas.

5. Defendant transacts business in this State.

6. Defendant's transactions in this State give rise to the Plaintiff's Cause of Action.

7. Defendant is in the business of the collection of debts.

8. In the course of its business, Defendant mailed a collection letter to Plaintiff in Georgia.

9. Defendant is subject to the jurisdiction and venue of this Court.

10. Defendant may be served by personal service upon any authorized agent or officer at its principal place of business, to wit: 12170 N. Abrams Rd., Suite 100, Dallas, Texas 75243.

## FACTS COMMON TO ALL CAUSES

11. Defendant uses the mails in its business.

12. Defendant uses telephone communications in its business.

13. The principle purpose of Defendant's business is the collection of debts.

14. Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. Defendant attempted to collect an alleged obligation of the Plaintiff to pay money to Commonwealth Credit Repair.

16. The alleged obligation of the Plaintiff arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes.

17. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

18. Beginning in October 2010, PROCOLLECT, INC. began attempting to collect an alleged unpaid debt to Commonwealth Credit Repair for personal credit repair services.

19. On or about October 15, 2011, PROCOLLECT, INC. sent its initial collection letter to Plaintiff. [Hereinafter referred to as the "INITIAL LETTER."]

20. A true and correct copy of the letter referenced in the preceding paragraph is attached hereto as Exhibit A. [Plaintiff's home address and financial

account numbers have been redacted pursuant to Fed. R. Civ. P. 5.2 and this Court's Standing Order 04-02].

21. The INITIAL LETTER states in pertinent part:

> ...If you do not notify us in writing within the 30-day period that the debt, or any portion thereof, is disputed, we will assume that the entire debt is valid...

22. The INITIAL LETTER was the only written communication from PROCOLLECT, INC. to Plaintiff.

23. The INITIAL LETTER did not inform the consumer that his dispute of the alleged debt is not required to be in writing in order to defeat the assumption of validity by the collector.

24. The INITIAL LETTER attempted to collect an "Amount Due" of $816.00.

25. The amount of $816.00 alleged due to "Commonwealth Credit Repair" is not expressly authorized by the agreement creating the debt or permitted by law.

26. Specifically, the amount of $816.00 is not due and owing pursuant to the terms of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679 et seq.

27. The INITIAL LETTER attempted to collect a "Collection Fee" of $7.50.

28. The $7.50 collection fee is not expressly authorized by the agreement creating the debt or permitted by law.

29. The INITIAL LETTER is a form letter sent to numerous consumers.

30. The averments of the preceding paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. Said averment is based upon the industry standard of using form letters.

31. Defendant's noncompliance was frequent and persistent.

32. The averments of the preceding paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. Said averment is based upon usual practice of the collection industry to send a large number of form letters.

33. The defendant's noncompliance was intentional.

34. The averments of the preceding paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. Said averment is based upon the use of a form letter which indicates the noncompliance was the result of an informed decision to mail the communication in the form mailed.

35. Defendant's actions constitute violations of the Federal Fair Debt Collection Practices Act.

36. All conditions precedent to the bringing of this action have been complied with and/or have occurred.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

37. Defendant's violations of the FDCPA include, but are not limited to, the following:

38. The attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1);

39. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

40. The false representation of the amount of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

41. The use of any false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10); and

42. The failure to effectively provide a written statement of the consumer's rights, in violation of 15 U.S.C. § 1692g.

43. Specifically, the failure to provide a written statement of the consumer's right to dispute the validity of a debt by means other than by writing, in violation of 15 U.S.C. § 1692g(a)(3).

44. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded actual and statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee; and

c) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:   /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax


James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax